NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY MAXWELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | Civil No. 12-747 (DMC) |
| v. | : | |
| | : | |
| ERIC H. HOLDER, JR., et al., | : | OPINION |
| | : | |
| Respondents. | : | |

APPEARANCES:

**ANTHONY MAXWELL**, Petitioner pro se
088-230-653
Essex County Correctional Facility
354 Doremus Avenue
Newark, N.J. 07105

**JESSICA W.P. D'ARRIGO**, Counsel for Respondents
U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, D.C. 20044

**CAVANAUGH**, District Judge

On January 30, 2012, Anthony Maxwell ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention in the custody of the Department of Homeland Security ("DHS") on the grounds that it is not statutorily authorized and it violated due process guaranteed by the Fifth Amendment. For the reasons stated below, the petition will be denied.

I. BACKGROUND

Petitioner is a native and citizen of Jamaica who came to the United States in 1985. (Pet. 2; Resp't's Br., Ex. A, Decl. of Michael Dugan ("Dugan Decl.") ¶ 2a.) On October 21, 2005, Petitioner entered a guilty plea in the Superior Court of the State of New Jersey, Essex County, for sexual assault pursuant to Section 2C:14-2B in the second degree. (Dugan Decl. ¶ 2b.) Petitioner was sentenced to seven years imprisonment, with an 85 percent mandatory minimum. (Id.) In February 2011, Petitioner was served with a Notice to Appear before the Newark, New Jersey, Immigration Court for removal proceedings. (Resp't's Br., Ex. C, Notice to Appear.) The Notice charged him with being subject to removal from the United States under 8 U.S.C. § 1182(a)(6)(A)(i) on the grounds that he had entered the United States without being admitted or paroled. (Id.) The Notice further charged Petitioner with being subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien who has been convicted of a crime involving moral turpitude. (Id.)

On July 18, 2011, Petitioner was ordered removed by the immigration judge. (Resp't's Br., Ex. A, Dugan Decl. ¶ 2d.) Petitioner filed an appeal with the BIA on August 17, 2011 and on December 1, 2011, the BIA dismissed his appeal and affirmed the immigration judge's decision, making his removal order administratively final. (Id. at ¶ 2f.) The BIA denied

2

Petitioner's motion to re-open his immigration proceedings on January 25, 2012. (Id. at ¶ 2h.) On February 6, 2012, Petitioner filed a petition for review with the United States Court of Appeals for the Third Circuit challenging the BIA's denial of his appeal and a motion to stay removal. (Resp't's Br., Ex. D, Dkt. Report for Petition for Review (12-1297).) The Third Circuit denied Petitioner's request for stay of removal on March 19, 2012. (Id.) Petitioner's petition for review is still pending before the Third Circuit. (Id.)

On January 30, 2012, Petitioner submitted his petition for a writ of habeas corpus to this Court. (Docket. Entry No. 1.) Petitioner also submitted a request for a stay of removal. (Id.) Petitioner argues that his detention violates his due process rights and he seeks: (1) issuance of a writ of habeas corpus directing Respondents to bring Petitioner to the Court and explain why the Petitioner should not be released from custody; (2) a declaratory judgment stating that Petitioner is eligible to be released on bond, that DHS' interpretation of the Immigration and Nationality Act is arbitrary and capricious, and violates the Eighth Amendment and Due Process Clause of the Constitution of the United States, that Petitioner is entitled to an individualized bond hearing, and that Petitioner is not a flight risk or danger to the community; (3) that the Court order Petitioner be released from custody; and (4) that a bond hearing

3

be held immediately before an immigration judge.  (Id.)

## II. DISCUSSION

### A. Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States ..."). See Demore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

4

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the DHS to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."

5

<u>Zadvydas</u>, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal period detention. <u>Id.</u> at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

<u>Zadvydas</u>, 533 U.S. at 701.

In this case, Petitioner's order of removal became administratively final when the BIA affirmed the order of removal on December 1, 2011. To be sure, an order of removal becomes "final upon the earlier of-(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). <u>United States v. Calderon-Minchola</u>, 351 Fed. App'x 610, 611 n. 1 (3d Cir.2009). Since 8 U.S.C. § 1231(a)(1)(B)(i) provides that the removal period begins on the "date the order of removal becomes administratively final,"

Petitioner's removal period began on December 1, 2011, when the BIA affirmed the Immigration Judge and his order of removal became administratively final.[1] As such, when Petitioner filed his petition on January 30, 2012, he had not been detained beyond the six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas. Moreover, Petitioner "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006). As the Third Circuit explained,

> Once the six-month period has passed, the burden is on the alien to 'provide [ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future ....' Zadvydas v. Davis, 533 U.S. 678, 701, 121 S.Ct. 2491, 150 L.Ed.2d 653 ... (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' Id.

Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.

---

[1] As stated above, 8 U.S.C. § 1231(a)(1)(B) provides that "the removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final; (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order...." In this case, the Court of Appeals denied Petitioner's request for a stay and as such, the relevant provision for determining the start of the removal period is § 1231(a)(1)(B)(i).

2 (3d Cir. 2005).

Because Petitioner does not allege facts showing that the presumptively reasonable six-month period of detention has expired, and because Petitioner alleges no facts to indicate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by <u>Zadvydas</u>, 533 U.S. at 701, he has not shown that his detention is statutorily unauthorized or violates due process. <u>See</u>, <u>e.g.</u>, <u>Joseph v. United States</u>, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under <u>Zadvydas</u>, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here."); <u>Pierre v. Weber</u>, 2010 WL 1492604 (D.N.J. April 14, 2010) (summarily dismissing § 2241 petition as premature under <u>Zadvydas</u> and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his removal is not reasonably foreseeable). This Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States.[2]

---

[2] The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) in the event that Petitioner can allege facts showing that he has been detained for more than six

## III. CONCLUSION

For the reasons set forth above, the challenge to Petitioner's post-removal-order detention will be dismissed as premature, without prejudice to Petitioner filing a new petition should circumstances later warrant.[3] An appropriate order follows.

Dated: 10/26/12

/s/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

---

months after his order of removal became final, and there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

[3] Since the Court is dismissing the petition, Petitioner's request for a stay of removal pending this Court's final decision on the instant issue is dismissed as moot. Moreover, pursuant to the REAL ID Act, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying final removal order. See, REAL ID Act, 8 U.S.C. § 1252(a)(5) (stating "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act,...."); Bonhometre v. Gonzales, 414 F.3d 442, 446 n.4 (3d Cir. 2005); Calderon v. Holder, No. 10-3398 (FSH), 2010 WL 3522092, at *2 (D.N.J. August 31, 2010)("Therefore, Petitioner's challenges to his removal (and his request for stay of removal) will be dismissed for lack of jurisdiction, pursuant to the REAL ID Act.")